IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DINA HERMAN<br>5427 Lebanon Ave.<br>Philadelphia, PA 19131<br><br>            Plaintiff,<br>      v.<br><br>THE LITTLE SISTERS OF THE POOR<br>OF THE CITY AND COUNTY OF<br>PHILADELPHIA<br>d/b/a HOLY FAMILY HOME<br>5300 Chester Ave.<br>Philadelphia, PA 19131<br><br>            Defendant. | CIVIL ACTION<br><br>No. _____<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.  This action has been initiated by Dina Herman (hereinafter referred to as "Plaintiff," unless indicated otherwise) against Little Sisters of the Poor d/b/a Holy Family Home (hereinafter referred to as "Defendant") for violations of the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a) (4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's future state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a non-profit organization overseeing, operating and managing multiple locations that provide independent living and nursing care. The location wherein Plaintiff was employed for Defendant (5300 Chester Avenue, Philadelphia, PA 19143) is a nursing home providing 24-hour care to residents.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff was employed with Defendant for approximately ten (10) years.

11. While employed with Defendant, Plaintiff worked in various job positions, including Dietary Aide and Receptionist/Administrative Assistant.

12. However, in or about March of 2019, Plaintiff transferred to what would be her final position within Defendant's activities department as an Activities Aide.

13. Plaintiff has and continues to suffer from various disabilities, including but not limited to depression, anxiety, and alopecia.

14. Plaintiff's aforesaid health conditions, at times, limits her ability to engage in some daily life activities, including but not limited to sleeping, eating, and engaging in social interaction.

15. Despite her aforesaid disabilities and limitations, Plaintiff was still able to perform her various job positions well with Defendant during her long tenure.

16. After Plaintiff transferred into a new position in Defendant's activities department in or about March of 2019, she began being supervised by Evangeline Muroski (hereinafter "Muroski").

17. At all times relevant herein, Muroski was supervised by Sister Veronica Proffitt (hereinafter "Proffitt").

18. After coming under the supervision of Muroski, Plaintiff apprised Muroski of her aforesaid mental health conditions so that Muroski would understand why sometimes Plaintiff came to work not feeling her best (something she had also done with her supervisors in the past).

19. From the start, Plaintiff's work experience with Muroski was not enjoyable and Plaintiff was continuously subjected to harassment, including but not limited to being nitpicked, having policies selectively enforced against her, and being treated in a rude and condescending manner.

20. Although Plaintiff loved the position of Activities Aide because she could use her creative skills when working with the clients, Muroski's discriminatory behavior began to exacerbate Plaintiff's aforesaid anxiety and depression to the point that Plaintiff began requiring intermittent time off from work.

21. On multiple occasions prior to her termination from Defendant, Plaintiff apprised Defendant's management, including but not limited to Proffitt and Antoinette Goods (Human Resources Manager - *hereinafter* "Goods") that Muroski's behavior (at times) exacerbated her anxiety and depression.

22. In fact, on one occasion in or about March of 2019, Plaintiff informed Goods that she had an anxiety attack before coming to work. Defendant's recollection of this event was described in their Position Statement, which was sent to the EEOC in response to Plaintiff's Charge of Discrimination: "On March 23, 2019 Ms. Herman, as soon as she drove to work, advised the HR Director that she wasn't feeling well. She further advised that she had driven to work while having an anxiety attack and that she needed to go home."

23. Defendant also asserts in their Position Statement submitted to the EEOC in response to Plaintiff's Charge of Discrimination that there were multiple other times that

4

Plaintiff had requested intermittent time off because of Muroski's aforesaid discriminatory behavior (which exacerbated her mental health conditions).

24. In addition to intermittent time off for her anxiety and depression, Plaintiff also requested a reasonable accommodation for her alopecia diagnosis.

25. For example, a side effect of Plaintiff's alopecia diagnoses is that she experiences hair loss and often times has to wear a wig; however, because Plaintiff was becoming overheated in the activities department, she requested from Respondent's management in or about April of 2019, the ability to wear scarves around her head instead of a wig.

26. Plaintiff's requests for accommodations only seemed to increase the aforesaid hostility and animosity that she was being subjected to and therefore, Plaintiff continued to express her concerns of harassment to Proffitt and Goods, wherein she continually told each of them that such harassment was further exacerbating her health conditions.

27. Plaintiff's concerns of discrimination were ignored and the harassment only continued to grow by extending to Proffitt, who told Plaintiff during a meeting (wherein Plaintiff was expressing concerns of Muroski's discriminatory treatment) that she was "special needs."

28. Plaintiff continued to complain of harassment to Defendant's management up and through the time of her termination; however, her concerns were never properly investigated or resolved.

29. Instead, on or about April 23, 2019, Plaintiff was brought into a meeting with Goods, Muroski, and Proffitt and informed that she was not a good fit for the activities department and that she was being removed from her position.

30. During Plaintiff's termination meeting on April 23, 2019 (discussed *supra*), Defendant's management referenced her need for "special accommodations" related to her

alopecia, anxiety, and depression as a reason for her removal from the Activities Aide position (among other pretextual reasons).

31. After walking to Goods' office following the aforesaid April 23, 2019 meeting with Goods, Goods told Plaintiff to clean out her office/desk.

32. In response to Plaintiff's removal from her Activities Aide position, Plaintiff inquired with Goods what her options were at that point. Goods responded by stating that Defendant was *thinking* of *eventually* adding two part time cook/utility worker positions in the dietary department but could not confirm with Plaintiff whether those positions were actually going to be created. While Plaintiff did call the office after April 23, 2019 to follow up on these two elusive positions, she was never offered either position.

33. Plaintiff believes and therefore avers that she was terminated from her employment with Defendant and not offered any other position within Defendant because of her actual/perceived/record of disabilities, in retaliation for requesting reasonable accommodations, and/or in retaliation for expressing concerns of discriminatory harassment.

## COUNT II
### Violations of the Americans with Disabilities Act "ADA"
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff was subjected to a hostile work environment while employed in Defendant's activities department due to her actual/perceived/record of disabilities, in retaliation for requesting reasonable accommodations, and/or in retaliation for expressing concerns of discriminatory harassment through disparate treatment, discriminatory comments, pretextual admonishment, and demeaning/discriminatory treatment towards her.

6

36.    Plaintiff was terminated from her employment with Defendant because of [1] her actual and/or perceived disabilities; [2] her record of impairment; [3] her requested accommodations, which constitutes unlawful retaliation; [4] her expressed concerns of discriminatory harassment; and/or [5] Defendant's refusal to accommodate Plaintiff.

37.    These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.    Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E.    Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 2, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Dina Herman : CIVIL ACTION

v. :

The Little Sisters of the Poor of the City and : NO.
County of Philadelphia d/b/a Holy Family Home :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 1/2/2020 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 5427 Lebanon Avenue, Philadelphia, PA 19131

Address of Defendant: 5300 Chester Avenue, Philadelphia, PA 19131

Place of Accident, Incident or Transaction: Defendant's place of business

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case   [ ] is / [X] is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/2/2020   _____   ARK2484 / 91538
                 *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

CIVIL: (Place a √ in one category only)

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
       *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
       *(Please specify):* _____

ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf , counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 1/2/2020   _____   ARK2484 / 91538
                 *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
HERMAN, DINA

**DEFENDANTS**
THE LITTLE SISTERS OF THE POOR OF THE CITY AND COUNTY OF PHILADELPHIA D/B/A HOLY FAMILY HOME

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*  Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
ADA (42 USC 12101)
Brief description of cause:
Violations of the ADA and PHRA.

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 1/2/2020
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

[Print]  [Save As...]  [Reset]